IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 3 0 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EXELON GENERATION CO. LLC (Byron Nuclear Power Station), | ) ) ) ) |
| Defendant. | ) ) ) ) |

**05C 5660**
Civil Action No.

**COMPLAINT**

JUDGE AMY ST. EVE

MAGISTRATE JUDGE DENLOW

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Carl Brandt, David Gorman, Igor Komarck, and Sheila Werland. Defendant Exelon Generation Company LLC (f/k/a Commonwealth Edison Company, Nuclear Division) Byron Nuclear Power Station (hereafter, "Exelon") discriminated against Brandt, Gorman, Komarck, and Werland on the basis of their disabilities by refusing to permit them to work overtime, to promote them to certain positions and/or to train them for certain positions, thus causing them a material and tangible loss of benefits. Exelon further violated the ADA by commingling employee medical and personnel records, failing to limit access to those records and failing to maintain the confidentiality of those records.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42

U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section

102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices hereafter alleged to be unlawful were and are now

being committed within the jurisdiction of the United States District Court for the Northern

District of Illinois.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission (the "Commission") is the

agency of the United States of America charged with the administration, interpretation and

enforcement of Title I of the ADA and is expressly authorized to bring this action by Section

107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1)

and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Exelon Generation Company LLC has

continuously been and is now a Pennsylvania limited liability company doing business in the

State of Illinois and has continuously had and does now have at least fifteen (15) employees.

5.      At all relevant times, Defendant Exelon Generation Company LLC has

continuously been and is now an employer engaged in an industry affecting commerce within the

meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference

Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant Exelon Generation Company LLC has been a

covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Carl Brandt,

David Gorman, Igor Komarek, and Sheila Werland filed charges with the Commission alleging

violations of Title I of the ADA by Commonwealth Edison Company, whose successor is Exelon

Generation Company LLC.  All conditions precedent to the institution of this lawsuit have been

fulfilled.

8.      Since at least October, 2000, Exelon Generation Company LLC has engaged in

unlawful employment practices at its Byron Nuclear Power Station in Illinois in violation of

Sections 102(a), (b)(1), (b)(3)(A) and (d)(4)(C) of Title I of the ADA, 42 U.S.C. §§ 12112(a),

(b)(1), (b)(3)(A) and (d)(4)(C).    These practices include, but are not limited to:

  (a)   refusing to permit Brandt, Gorman, Komarek, and Werland on the basis of their
        disabilities to work overtime, to promote them to certain positions and/or to train
        them for certain positions, thus causing them a material and tangible loss of
        benefits; and
  (b)   commingling employee medical and personnel records, failing to limit access to
        those records and failing to maintain the confidentiality of those records.

9.      The effect of the practices complained of above in Paragraph 8 has been to

deprive Brandt, Gorman, Komarek, and Werland of equal employment opportunities and

otherwise adversely affect their status as employees because of their status as disabled persons,

in violation of Title I of the ADA, 42 U.S.C. § 12112.

10.     The unlawful employment practices complained of above in Paragraph 8 were

and are intentional.

11.     The unlawful employment practices complained of above in Paragraph 8 were

and are done with malice and/or reckless indifference to the federally protected rights of Brandt,

Gorman, Komarek, and Werland.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Exelon Generation Company LLC, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

B.     Order Exelon Generation Company LLC to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including maintaining separate confidential medical files for each employee;

C.     Order Exelon Generation Company LLC to make whole Brandt, Gorman, Komarek, and Werland by providing appropriate back pay with pre-judgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.     Order Exelon Generation Company LLC to make whole Brandt, Gorman, Komarek, and Werland by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices, in amounts to be determined at trial;

E.     Order Exelon Generation Company LLC to make whole Brandt, Gorman, Komarek, and Werland by providing compensation for non-pecuniary losses resulting from its unlawful employment practices, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F.     Order Exelon Generation Company LLC to pay Brandt, Gorman, Komarek, and Werland punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

G.      Order Exelon Generation Company LLC and its successors to provide training to

its officers, managers and employees on appropriate conduct in regard to employees who are

disabled;

H.      Grant such further relief as the Court deems necessary and proper in the public

interest; and

I.      Grant the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Diane I. Smason
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2800
Chicago, Illinois  60661
(312) 353-7526